IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) ) **COMPLAINT** |
| vs. | ) ) **JURY TRIAL DEMANDED** |
| QUALITY MIDWESTERN HOLDINGS, LLC d/b/a QUALITY SERVICES MOVING, | ) ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, each as amended, to correct unlawful employment practices on the basis of sex/pregnancy and to provide appropriate relief to Charging Party Reanna Robinson. As alleged with greater particularity below, Defendant violated Title VII when it engaged in practices made unlawful by 42 U.S.C.§ 2000e-2(a)(1) and (a)(2) which prohibit an employer from limiting an employee or applicant in any way that deprives or tends to deprive her of employment opportunities, or otherwise adversely affects her, because of sex/pregnancy, and prohibit failing to hire, discharging, or otherwise discriminating against an individual concerning any term, condition, or privilege of employment, because of sex/pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Quality Midwestern Holdings, Inc. d/b/a Quality Services Moving, a Delaware corporation headquartered in Lorton, Virginia, has been doing business in Lorton, Virginia, and continuously has had at least 15 employees.

5. At all relevant times, Defendant continuously has been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. Defendant is a moving and storage company that operates in the Virginia and Washington, D.C. area.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Charging Party Reanna Robinson filed a charge (No. 570-2018-00208) with the Commission alleging violations of Title VII by Defendant.

8. On December 21, 2018, the Commission issued to Defendant a Letter of Determination and, on March 20, 2019, the agency issued an Amended Letter of Determination, finding reasonable cause to believe that Title VII was violated and inviting Defendant to join

with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On June 4, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM

13. Beginning in May 2017, Defendant discriminated against Charging Party Reanna Robinson because of sex, when it engaged in practices made unlawful by Title VII, 42 U.S.C. § 2000e-2(a)(1) and (a)(2), including but not limited to the acts and omissions described below:

   a. On or about May 15, 2017, Charging Party applied to work for Defendant.

   b. After receiving Charging Party's employment application, Defendant interviewed her.

   c. On May 17, 2017, Defendant advised Charging Party to report to its facility on May 18, 2017, where she would attend job training.

   d. According to Defendant, the position for which Charging Party was invited to train was that of Professional Package Handler, which Defendant also refers to as Professional Packer, Packer, and Packer/Loader.

e. Defendant's records describing the Packer position described above in subparagraph (d) state that, among other things, a person must have the ability to lift 50 pounds.

f. On May 18, 2017, Charging Party attended training at Defendant's facility.

g. On May 18, 2017, Charging Party completed the training requirements that Defendant required her to fulfill on that date.

h. On May 19, 2017, Charging Party attended a second day of training at Defendant's facility.

i. On May 19, 2017, Charging Party completed the training requirements that Defendant required her to fulfill on that date.

j. The training that Defendant conducted on May 18 and May 19, 2017, which Charging Party and others were required to attend, did not continue for a third day through and including Saturday, May 20, 2017.

k. On May 19, 2017, Defendant's employee Kevin Smith met with persons who had completed the training conducted on May 18 and May 19, 2017. When Smith met with those persons on May 19, he gave them information about what work they would be expected to perform for Defendant, and he told them when and where they should report for a work assignment.

l. On May 19, 2017, Kevin Smith met with Charging Party at Defendant's facility.

m. On May 19, 2017, Kevin Smith learned that Charging Party was pregnant.

n. May 19, 2017, is the first date on which Defendant learned that Charging Party was pregnant.

  o. On May 19, 2017, Kevin Smith told Charging Party that he did not think she could work in the Packer position because of her pregnancy.

  p. On May 19, 2017, Kevin Smith told Charging Party that he intended to contact Nachelle Watts, another employee of Defendant, about Charging Party. Kevin Smith told Charging Party that someone from the company would contact her after he had spoken to Nachelle Watts.

  q. On May 19, 2017, Kevin Smith communicated with Nachelle Watts about Charging Party.

  r. On at least one occasion between May 20, 2017, and May 23, 2017, Kevin Smith spoke to Charging Party by telephone.

  s. On a date after May 19, 2017, Charging Party spoke to Nachelle Watts on the telephone.

  t. Nachelle Watts told Charging Party that she could not work in the Packer position because of her pregnancy. Nachelle Watts questioned whether Charging Party could lift 50 pounds, and she reminded Charging Party that such ability was a job requirement. Charging Party told Watts that she could lift 50 pounds and that she could perform the Packer position without restrictions or limitations.

  u. In a document entitled "Affidavit of Nachelle Watts" that Defendant produced to the Commission, Watts stated in paragraph 12 that she spoke to Reanna Robinson on Monday, May 22, 2017.

  v. The statements referenced above in subparagraph (u), made by Nachelle Watts in the "Affidavit of Nachelle Watts" that Defendant produced to the Commission, are true statements.

w. In a document entitled "Affidavit of Nachelle Watts" that Defendant produced to the Commission, Watts stated in paragraph 13 that: "I requested that she get a Dr's note to see if she had any limitations or restrictions that we should accommodate for her."

x. The statements referenced above in subparagraph (w), made by Nachelle Watts in the "Affidavit of Nachelle Watts" that Defendant produced to the Commission, are true statements.

y. In a document entitled "Affidavit of Nachelle Watts" that Defendant produced to the Commission, Watts stated in paragraph 16 that: "Ms. Robinson emailed a Dr. Note dated Tuedsay [sic] May 23rd The note confirmed no physical restrictions and confirming her ability to participate in the work for which she applied."

z. The statements referenced above in subparagraph (y), made by Nachelle Watts in the "Affidavit of Nachelle Watts" that Defendant produced to the Commission, are true statements.

aa. On May 23, 2017, Nachelle Watts received from Charging Party an e-mail that included both a message from Charging Party and an attached note from a medical provider.

bb. The medical provider's note provided with the e-mail to Watts on May 23, 2017, confirmed that Charging Party had no physical restrictions and that she had the ability to work in the position for which she applied.

cc. The e-mail that Watts received from Charging Party on May 23, 2017, contained the following e-mail message from Charging Party: "As stated in our conversation I am capable of ALL the physical requirements for the job. I am not interested in any other position other than The packer position. I do not want any special accommodations or require any. I provide my doctors note below to support the facts."

    dd. After Nachelle Watts received the e-mail from Charging Party on May 23, 2017, she told Charging Party that the medical provider's note was insufficient to show that Charging Party could work for Defendant in a Packer position.

  14. The effect of the practices described in Paragraph 13 has been to limit Charging Party in a way that deprives or tends to deprive her of employment opportunities, or otherwise adversely affects her, because of sex/pregnancy, and to fail to hire her or discharge her, or otherwise discriminate against her in the terms, conditions, or privileges of employment, because of sex/pregnancy, in violation of 42 U.S.C.§ 2000e-2(a)(1) and (a)(2).

  15. The unlawful employment practices described above were intentional.

  16. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees because of sex/pregnancy.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant persons and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make whole Reanna Robinson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.	Order Defendant to make whole Reanna Robinson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.	Order Defendant to make whole Reanna Robinson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

F.	Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

DEBRA LAWRENCE
Regional Attorney, Philadelphia District Office

KATE NORTHRUP
Supervisory Trial Attorney, Baltimore Field Office

         /s/
MARIA LUISA MOROCCO

Supervisory Trial Attorney
Va. Bar I.D. 94043
EEOC Washington Field Office
131 M Street, N.E., 4th Floor
Tel. (202) 419-0724
maria.morocco@eeoc.gov

*Local Counsel for EEOC*

MELANIE MARIE PETERSON
Senior Trial Attorney, Philadelphia District Office
NY Registration No. 2958163
EEOC Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Tel. (267) 589-9759
melanie.peterson@eeoc.gov